UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Sarah Schottenstein, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:04-cv-05851-SAS |
| Steven Schottenstein, et al., | : | JUDGE SHIRA A. SCHEINDLIN |
| Defendants. | : | MAGISTRATE JUDGE FRANK MAAS |

**MEMORANDUM OF DEFENDANT STEVEN SCHOTTENSTEIN IN
<u>OPPOSITION TO MOTION FOR EXTENSION OF TIME</u>**

### I.    INTRODUCTION AND RELEVANT BACKGROUND

This Court should deny Thomas M. Burton's Motion for Extension of Time ("Motion") because his Motion is untimely, and he has offered no justification for an extension of time.

The pertinent series of events in this case is as follows:

- <u>December 28, 2004</u>:  The Court dismissed the last count of Plaintiff Sarah Schottenstein's Amended Complaint.  Neither Mr. Burton (whom Sarah had, by then, terminated as her counsel), nor anyone else, filed a motion for reconsideration.

- <u>March 9, 2005</u>:  A Memorandum Opinion and Order was docketed granting Mr. Schottenstein's Motion for Sanctions under FRCP 11, and imposing sanctions against Mr. Burton and payable to Mr. Schottenstein in the amount of $21,503.50 (the "Sanctions Order").

- <u>March 19, 2005</u>:  Mr. Burton filed a Motion for Reconsideration of the Sanctions Order and alleged, among other things, that he could not pay the sanctions and that the Court failed to take this fact into account.

- <u>April 18, 2005</u>:  The Court issued a Memorandum Opinion and Order, among other things, allowing Mr. Burton to present an affidavit setting forth his alleged inability to pay.

- <u>May 13, 2005</u>:  After consideration of Mr. Burton's Affidavit, the Court denied Mr. Burton's Motion for Reconsideration by a final Order, requiring Mr. Burton

        to pay Mr. Schottenstein the full award of sanctions.[1]

- <u>August 2, 2005</u>:  Mr. Burton filed the present Motion and a Notice of Appeal ("Notice") with this Court, backdating the Motion to April 9, 2005, for reasons we cannot understand.  Mr. Burton also filed the Notice in the Second Circuit, which has been assigned Case No. 05-4176cv.

For the reasons set forth below, the Court cannot grant Mr. Burton an extension of time because the Motion is untimely, and it should not even if the Motion was timely because the Motion is meritless.  Mr. Schottenstein therefore requests that this Court deny Mr. Burton's Motion.

## II.   LAW AND ARGUMENT

**A.   This court must deny Mr. Burton's motion because it is untimely.**

Mr. Burton's Notice is untimely – that fact is uncontested.  Mr. Burton's Motion to file that untimely Notice is also untimely and must be denied on that basis alone.

Fed. R. App. P. 4(a)(5)(A)(1) requires that a party seeking an extension of time to file a Notice of Appeal must so move "no later than 30 days after the time prescribed by this Rule 4(a) expires" and must show good cause or excusable neglect.  Rule 4(a) provides a 30-day appeal deadline from the date on which the order or judgment appealed was entered.  Fed. R. App. P. 4(a)(1)(A).  In other words, Mr. Burton had 30 days after his appeal deadline passed to move for an extension of time and, in so moving, show good cause or excusable delay.  He missed the deadline and has not shown any cause or justifiable excuse for the delay.

Mr. Burton's Motion states that he is appealing the Sanctions Order of March 9, 2005.  Thirty days expired on April 11, 2005.  The 30-day grace period for moving for an extension therefore expired on May 11, 2005.  "If . . . the motion to extend is not filed within [Fed. R. App.

---

[1] To date, Mr. Burton has paid nothing on the Sanctions Order.  This failure is the subject of Mr. Schottenstein's pending request for this Court to consider civil contempt.

P. Rule] (a)(5)'s grace period, the district court is without power to grant an extension." *Melton v. Frank*, 891 F.2d 1054, 1056 (2d Cir. 1989) (dismissing *pro se* plaintiff's motion to extend time to file notice of appeal as untimely); *see also Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (finding district court abused its discretion in considering untimely motion for extension to file notice of appeal).

The very latest date from which the time to appeal began to run was May 13, 2005, when the Sanctions Order became final and appealable by the Court's denial of the Motion for Reconsideration. *See* 28 U.S.C. § 1291 (requiring final judgment of U.S. District Court for U.S. Courts of Appeals to possess jurisdiction). This Court should therefore refuse to consider Mr. Burton's Motion because he is seeking permission to appeal a non-appealable order.

If the appeal time began to run May 13, 2005, the 30-day appeal deadline on that Order passed on June 13, 2005, and the grace period in which to move for an extension to file his Notice expired July 13, 2005. This Court is therefore precluded from granting the Motion.

**B.    Even if the Court could consider Mr. Burton's motion, he has nonetheless failed to show excusable neglect or good cause for an extension.**

In addition, Mr. Burton has not shown good cause or excusable neglect, even if this Court was permitted to consider his untimely Motion, which it is not. Mr. Burton's reason for requesting an extension, although unclear, is apparently that his Motion for Reconsideration of the Sanctions Order tolled the running of his 30-day appeal period.

This alleged "reason," however, falls flat because it still does not explain the delay in moving for an extension of time until long after the appeal period expired. Because any tolling ceased on May 13, 2005, when the Court denied Mr. Burton's Motion for Reconsideration, any motion for an extension was due no later than June 12, 2005, over two months ago. The Motion for Reconsideration, therefore, does not provide grounds for excusable neglect or good cause

3

under those circumstances.

Moreover, it appears Mr. Burton is attempting to also appeal the dismissal of Sarah's underlying claims on December 28, 2004. The deadline to appeal from that Order expired January 27, 2005, making the appeal of the Order nearly seven months late. Even if by some bizarre analysis the December 28, 2004, Order did not become final and appealable until May 13, 2005, it is still too late, for the same reasons explained above. Mr. Burton has failed to show any excusable neglect or good cause for failing to timely appeal dismissal of Sarah's claims.

### III.   CONCLUSION

Because this Court cannot grant Mr. Burton's untimely Motion and, even if it could, Mr. Burton failed to show good cause or excusable neglect, Defendant Steven Schottenstein respectfully requests that this Court deny Mr. Burton's Motion for Extension of Time.

Respectfully submitted,

s/ David C. Levine
Barry H. Wolinetz (Ohio Bar No. 0019270)
Admitted *Pro Hac Vice*
David C. Levine (Ohio Bar No. 0043574)
Admitted *Pro Hac Vice*
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215-4260
(614) 228-1541
(614) 462-2616 fax
Attorneys for Defendant Steven Schottenstein

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Memorandum of Defendant Steven Schottenstein in Opposition to Motion for Extension of Time was served on the following on August 16, 2005:

ELECTRONICALLY

George S. Locker (glocker@mindspring.com)
100 Park Avenue
New York, NY 10016
(212) 496-0593

Thomas M. Burton (thomasburtonlaw@aol.com)
5820 Stoneridge Mall, #100
Pleasanton, CA 94566
(925) 484-3233

Former Attorneys for Sarah Schottenstein


Thomas E. Riley (triley@chadbourne.com)
Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100

Attorneys for Defendant M/I Homes, Inc.


U.S. MAIL

Sarah Schottenstein, Plaintiff *Pro Se*
245 E. 58th Street, Apt. 27C
New York, NY 10022
(917) 319-4167

<u>VIA FEDERAL EXPRESS</u>

Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312


<u>s/ David C. Levine</u>
David C. Levine